IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ABDULRAHMAN NOUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:21-cv-00189 |
| | ) |
| DAVIDSON COUNTY SHERIFF'S | ) JUDGE RICHARDSON |
| OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se Complaint for alleged violation of civil rights (Doc. No. 1) filed pursuant to 42 U.S.C. § 1983 by Plaintiff Abdulrahman Nour, a pretrial detainee in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee. With his Complaint, Plaintiff also filed an application to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is now before the Court for ruling on the IFP application, and for an initial review of the Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of

Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## INITIAL REVIEW OF THE COMPLAINT

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution

or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ANALYSIS

Plaintiff alleges that his Fourth, Eighth, and Fourteenth Amendment rights were violated when, on three occasions during the Muslim holy month of Ramadan in 2020, his religious meals provided by the DCSO and Trinity Services Group failed to include the halal meat pouch required by the applicable religious meal service policy. (Doc. No. 1 at 8.) That DCSO policy allegedly requires that "[b]oth of the Suhoor and Iftar meals include a fruit, vegetables, halal meats, cheeses, bread, and sweet." (*Id.*) On April 30, 2020, after the first incomplete religious meal was served to Plaintiff, he was told to write a grievance concerning the missing pouch but was advised that "DCSO is not Trinity." (*Id.*) The Chief of Security responded to Plaintiff's grievance and promised to address the issue. (*Id.*) On May 6, Plaintiff was again served a meal tray without the halal meat pouch, but on May 11, he received "6 bread, and 2 bag salad" in response to his complaints and grievances about the incomplete meals. (*Id.*) The next day, on May 12, Plaintiff's meal was once again missing the halal meat pouch. (*Id.*)

Plaintiff alleges that the officers who deliver the trays (the different portions of which come pre-wrapped) are supposed to inspect them for compliance with religious diet requirements before delivering them, but that the inmates are forced to take any noncompliant meals with only the officers' "comforting lies to return [with] the items that [are] missing." (*Id.*) He states that he filed internal grievances and appeals about these issues "until Ramadan was over with." (*Id.* at 10.)

Finally, Plaintiff alleges that the jail staff "forge[s] inmate signature[s], time and date as well." (*Id.* at 8.) He also alleges that Sgt. Lane took his prayer rug on an unidentified date because

4

he did not have the necessary documentation for it. (*Id.*) He does not allege that he was deprived of the prayer rug for any length of time.

As a result of these alleged deprivations, Plaintiff claims to have been "mentally scarred" and subjected to starvation. (*Id.* at 7.) He asks the Court to order the DCSO to accommodate every inmate that is on the diet roster, "to fix the[ir] contract with Trinity," and to award him $100,000. (*Id.*)

Plaintiff's allegations implicate a claim under the Free Exercise Clause of the First Amendment to the U.S. Constitution, which is applicable to the states via the Fourteenth Amendment.[1] *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). Violations of this protection are often alleged in the context of a prison policy or regulation that restricts particular religious exercises or requirements, in which case the offending policy or regulation is valid if it is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

However, Plaintiff does not allege that his religious dietary requirements during Ramadan were unmet due to a policy or regulation of the DCSO,[2] but due to the failure of particular officers

---

[1] Although the Complaint refers to the Fourteenth Amendment's Equal Protection Clause, it does not contain allegations that Muslim inmates as a class were targeted for occasionally deficient meal service, or that Plaintiff was intentionally treated differently from other, similarly situated inmates, as required to state a claim under that clause. *See Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 836 (6th Cir. 2009) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). Nor do the Complaint's allegations support its reference to Fourth Amendment protections.

[2] Because Plaintiff does not allege any harm attributable to a policy of Davidson County, the Complaint cannot be liberally construed to state a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), which applies to "state and local governments" and prohibits them "from placing a substantial burden on the religious exercise of any inmate" without a compelling reason. *Haight v. Thompson*, 763 F.3d 554, 558 (6th Cir. 2014) (quoting 42 U.S.C. § 2000cc–1(a)) (internal quotation marks omitted).

on isolated occasions to inspect his meal tray and recognize that the halal meat pouch was missing. (Doc. No. 1 at 8.) While Defendants must provide meals that do not violate Plaintiff's sincerely held religious dietary requirements,[3] "an isolated incident that impacts a prisoner's right to exercise his religion does not violate the First Amendment." *Lopiccolo v. Michigan Dep't of Corr.*, No. 2:20-12178, 2020 WL 5291961, at *2 (E.D. Mich. Sept. 4, 2020) (citing *Colvin v. Caruso*, 605 F.3d 282, 290, 293–94 (6th Cir. 2010) (holding that isolated incidents of prison officials providing non-kosher food to a Jewish prisoner did not violate the First Amendment); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (isolated acts of negligence in providing kosher diet do not support a free-exercise claim)); *see also*, *e.g.*, *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) ("De minimis burdens on the free exercise of religion are not of constitutional dimension. … Thus, the prison officials' failure to accommodate Mr. Rapier's standing request for non-pork meals on three isolated occasions does not give rise to liability for a constitutional violation.").

Here, Plaintiff alleges three incidents of religious meals mistakenly served without halal meat pouches during the month-long observance of Ramadan. As in *Lopiccolo*, the Complaint before this Court does not allege that the DCSO's mistaken meal service "arises from an underlying prison regulation or policy which violates the Free Exercise Clause, that the mistake

---

[3] Although the meat served to sincerely believing Muslim inmates must be halal, this Court has noted the absence of any requirement that Muslims have such meat available for consumption with their meal. "Muslim prisoners do not have a right under the First Amendment or the RLUIPA to be provided halal meat entrees; rather, a correctional facility need only provide Muslim prisoners with food that is not 'haram' (impermissible)," including vegetarian alternatives to a meat entrée. *Cloyd v. Dulin*, No. 3:12-cv-1088, 2012 WL 5995234, at *4 (M.D. Tenn. Nov. 30, 2012) (Trauger, J.). Thus, for Muslim prisoners, any meat provided must be halal, but meat does not necessarily have to be provided at all. The Complaint's allegations do not suggest that a requirement to serve (halal) meat exists specifically during Ramadan even if not at other times, nor does the Court otherwise find support for the existence of such a requirement. *See Totten v. Caldwell*, No. CIV.A. 11-12485, 2012 WL 3965045, at *15 (E.D. Mich. July 31, 2012), *report and recommendation adopted*, No. 11-12485, 2012 WL 3964989 (E.D. Mich. Sept. 11, 2012) (rejecting claim that "a meat entrée must be substituted for another meat entrée" in Ramadan meals, as "plaintiff[ ] cite[s] no constitutional or statutory authority to support the claim that the MDOC must provide [him] with halal meat entrees") (quoting *Hudson v. Caruso*, 748 F. Supp. 2d 721, 729 (W.D. Mich. 2010)).

was anything other than negligence, or that there is some reason to believe this mistake will be repeated in the future." *Id.* Plaintiff's allegation of harm from such isolated occurrences is simply insufficient to support the constitutional violations he claims. *See Washington v. Afify*, 968 F. Supp. 2d 532, 538 (W.D.N.Y. 2013) (dismissing First Amendment claim based on denial of three meals during Ramadan as "a de minimis burden on plaintiff's exercise of his religion"; noting that "[c]ourts have generally held that incidents that are isolated, or few in number, involving a denial of religiously-mandated food, do not give rise to a First Amendment claim") (collecting cases). Likewise, Plaintiff's allegations that Sgt. Lane once confiscated his prayer rug because he did not have the proper documentation for it, and that jail officials forged inmate signatures and dates on documents—without further facts from which the Court could reasonably infer that Lane's action was taken for some impermissible reason, or that unnamed officials were manipulating documents so as to violate Plaintiff's rights—fails to support any plausible right to relief under Section 1983. *Iqbal*, 556 U.S. at 678.

Finally, while Plaintiff cites the Eighth Amendment as a source of his constitutional claims (Doc. No. 1 at 3) and alleges that he suffered starvation as a result of Defendants' actions (*id.* at 7), the Court cannot accept that extreme allegation at face value, particularly given Plaintiff's failure to allege insufficient calorie intake, weight loss, or other ill effects resulting from the denial of his halal meat pouch on three occasions. *Cf. Welch v. Spaulding*, 627 F. App'x 479, 484 (6th Cir. 2015) (holding that defendant prison officials were not entitled to qualified immunity on claim that they failed to provide adequate nutrition despite religiously restricted diet, where plaintiff demonstrated that Ramadan meals contained only 65 percent of required daily calories, and defendants had reason to know of calorie deficit but failed to take remedial action by providing additional bagged meal items). The Complaint thus fails to contain "sufficient factual matter,

accepted as true," to state a plausible Eighth Amendment claim to relief for cruel and unusual punishment. *Iqbal*, 556 U.S. at 678. *Cf. Lopiccolo*, 2020 WL 5291961, at *3 (holding that isolated incident of meal deprivation "does not constitute a sufficiently serous deprivation of a basic human need to state an Eighth Amendment violation") (citing *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (depriving a prisoner of seven meals over six days did not rise to the level of an Eighth Amendment violation); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health)).

## **CONCLUSION**

For the reasons set forth above, the Court finds that the Complaint fails to state a claim upon which relief may be granted. This case is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE